## No. 3449.

### FELIX A. DUCROS, Testamentary Executor, *v.* EDWARD GOTTSCHALK.

Where the defendant was sued for two mortgage notes left with him on deposit, and required to restore them or pay the full amount thereof;

Held—That defendant disclaiming any ownership of said notes and having no personal interest in them, has no defense to set up for himself, and has no right to plead one for a third party and ask the court to pass upon a question that would not be binding if decided for or against that person.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Louis Castera* and *M. E. Livaudais,* for plaintiff and appellee. *Saucier & Michinard,* for defendant and appellant.

#### ON MOTION TO DISMISS THE APPEAL.

Justices concurring: Taliaferro, Howell, Wyly, Howe.

HOWE, J. The plaintiff has moved to dismiss this appeal taken by the defendant, on the ground, as stated in the motion, " that no appeal

lies from any judgment which does not produce an irreparable injury."

The judgment appealed from is a final judgment in the cause against the defendant. It was neither confessed nor has it been voluntarily executed. The amount in dispute exceeds five hundred dollars. We see no reason to deny the defendant the right of appeal, or anything in the proposition quoted from the motion to dismiss which deprives him of such right.

Motion denied.

## ON THE MERITS.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

WYLY, J. The defendant, who was sued for two mortgage notes left with him on deposit, appeals from the judgment requiring him to restore them to the plaintiff or pay the full amount thereof. It appears that the defendant was the notary who passed a deed from J. B. St. Amand to Frank Michinard, on fifteenth October, 1859, for a tract of land, a sawmill and some other property situated in the parish of St. Tammany, and that the two notes in controversy were executed in evidence of part of the price. It also appears that these notes were left on deposit in the hands of the said notary during the life time of St. Amand, whose succession is represented by the plaintiff, and that since his death the said depositary refuses to restore them.

In answer to the demand, the defendant alleges that the notes were left with him on deposit by St. Amand and Michinard, there to remain until St. Amand should furnish to said Michinard a detailed statement of the advances made by him for the sawmill, and until the said Michinard had reimbursed said advances to said St. Amand; after which the said notes were to be delivered to said Michinard. "Defendant disclaims any ownership of said notes, but avers that long previous to the institution of this suit said Michinard had lodged in his hands a written notice to comply with the terms of deposit aforesaid."

The defendant excepted to the ruling of the court in refusing to allow him to prove the alleged stipulation in the contract of deposit in favor of Michinard. In this we think the court did not err, because having disclaimed any ownership of the notes, the defendant disclosed no interest in setting up such a defense, and he ought not to have been heard proving a defense which concerned Michinard alone.

Whatever right, if any, Michinard may have to the notes, shown by the notarial act to belong to the testator, can not be determined in this suit, because he is not a party. But the defendant suggests that it is not his duty to make parties, that this is plaintiff's duty. To this the reply is, that a defendant who has no defense to set up for himself, has

no right to plead one for another person, and ask the court to pass upon
a question that would not be binding if decided for or against that
person. It would be idle to hear evidence and entertain the defense
of a party not before the court, and who would not be bound by the
decree. The notarial act drawn by the defendant shows that the notes
belong to the testator, and it is conceded that the defendant has not
the shadow of a title to them.

The judgment of the court below is correct, and'the appeal is frivo-
lous. We can not impose damages, however, because they have not
been asked by the appellee.

Judgment affirmed.

Rehearing refused.